Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 1065 - 4 | **DATE** | 6/5/2002 |
| **CASE TITLE** | USA vs. JACPG, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Motion to dismiss the indictment of defendant JACPG, Inc., a dissolved Illinois corporation [46-1], is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 0 6 2002 date docketed | |
| | Notified counsel by telephone. | | | 15 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 02 JUN -5 PM 5:10 | 6/5/2002 date mailed notice | |
| MD | courtroom deputy's initials | FILED Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Case No. 00 CR 1065 |
| ) | |
| JACPG, INC., ) | |
| ) | |
| Defendant. ) | |

DOCKETED JUN 0 6 2002

## MEMORANDUM OPINION AND ORDER

Before this court is the motion of John Katris and Chris Katris, former shareholders of defendant, JACPG, Inc. ("JACPG"), to dismiss the indictment lodged against JACPG. JACPG argues that as a dissolved Illinois corporation it may not be prosecuted on any of the counts. The government opposes the motion on the basis that the corporation survives the dissolution for purposes of a criminal proceeding, including a grand jury proceeding. For the reasons set forth below, the court denies the motion.

## FACTS

JACPG was incorporated on June 16, 1993, under the laws of Illinois. It was the owner of an Antioch restaurant known as Waterfalls and it sold the restaurant in April 1996 to co-defendant, Peter Bouzanis. Shortly after the sale, a federal grand jury began investigating the transaction. The grand jury served at least five subpoenas by the end of October 1996.[1] On

---

[1]Because of grand jury secrecy, Fed. R. Crim. P. 6(e), the government has not included copies of these subpoenas as exhibits although it offers them for *in camera* inspection. Because the court concludes that it is not necessary to determine whether a grand jury investigation is a "proceeding," the court will not need to review these

(continued...)

November 1, 1996, the State of Illinois issued a Certificate of Dissolution pursuant to 805 ILL. COMP. STAT. 5/12.40, dissolving defendant for failure to file an annual report and to pay a franchise tax.

On January 15, 2002, the government returned a third superseding indictment (the first and second were against Bouzanis only) in which it alleges that JACPG conspired with others to sell Waterfalls to Bouzanis in a fraudulent manner, in violation of 18 U.S.C. §§ 2, 1341, and 1343. The indictment also alleges under Count Five that after buying the restaurant, Bouzanis declared bankruptcy and that JACPG, on or about November 24, 1997, over a year after its effective date of dissolution, filed a fraudulent claim in Bouzanis's bankruptcy case in violation of 18 U.S.C. § 152(4).

## ANALYSIS

"[I]n the federal domain[,] prosecutions abate both on the death of an individual defendant and on the dissolution of a corporation unless the action is saved by statute." *Melrose Distillers, Inc.* v. *United States*, 359 U.S. 271, 272 (1959) (citations omitted). "The question whether a corporation 'exists' for any purpose is . . . determined by reference to state law." *Id.* at 272. *See Citizens Elec. Corp.* v. *Bituminous Fire & Marine Ins. Co.*, 68 F.3d 1016, 1019 (7th Cir. 1995) ("[S]tate law determines whether a dissolved corporation can be a defendant in a criminal antitrust prosecution," citing *Melrose Distillers, Inc.*, 359 U.S. 271). Under Illinois law, "the dissolution of a corporation. . . shall not . . . [a]bate or suspend a criminal proceeding which is pending against the corporation on the effective date of dissolution." 805 ILL. COMP. STAT.

---

[1](...continued)
materials. Neither must the court address movant's argument in its reply at pages 7 through 10 that they are entitled to examine them for purposes of this motion.

2

5/12.30(c)(5). The Illinois Business Corporations Act, 805 ILL. COMP. STAT. 5/12.85, further provides,

> The dissolution of a corporation . . . (1) by the issuance of a certificate of dissolution by the Secretary of State, . . . shall not: (a) Prohibit the State from prosecuting said corporation criminally by indictment, information, or complaint filed subsequent to its dissolution for any offenses committed prior to dissolution; or (b) Abate or suspend a criminal proceeding which is pending against the corporation on the effective date of dissolution.

Relying on clause (a), movants argue that this statute extends the life of a dissolved corporation only for prosecution by the State, but a federal prosecution is abated. The government relies on clause (b), which does not specify a State prosecution but refers only to a "criminal proceeding," as proof that a federal criminal proceeding is at least within the umbrella of clause (b). Arguing that a grand jury investigation is a proceeding,[2] the government contends that because the investigation commenced before dissolution of JACPG, the prosecution does not abate. Further, the government argues, under the Supremacy Clause,[3] federal law determines whether this prosecution may proceed, citing numerous cases in which federal courts have concluded that an indictment after dissolution could stand. Movants reply that "criminal proceeding" in clause (b) refers to the terms "indictment, information or complaint" in clause (a), and because none of those was pending on the date of dissolution, the action abates. JACPG relies on *People* v. *Boyce*, 156 Ill. App. 3d 1036, 509 N.E.2d 776 (1987), in which the Illinois

---

[2] *See, e.g., United States* v. *Dietrich*, 854 F.2d 1056, 1061 (7th Cir. 1988) (the phrase "other proceeding" in Fed. R. Evid. 801(d)(1)(A) encompasses grand jury proceedings); *United States* v. *McComb*, 744 F.2d 555, 560 (7th Cir. 1984) (grand jury investigation constitutes a judicial proceeding for purposes of obstruction of justice); *accord Schwimmer* v. *United States*, 232 F.2d 855, 860 (8th Cir. 1956) (grand jury proceeding is a "criminal proceeding").

[3] "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. Art. VI, cl. 2.

Appellate Court considered a former version of 805 ILL. COMP. STAT. 5/12.30(c)(5), which stated, "Dissolution of a corporation does not * * * [a]bate or suspend a proceeding pending by or against the corporation on the effective date of dissolution." Ill. Rev. Stat. ch. 32, ¶ 12.30(c)(5) (1985). The court held that where a first indictment which had been pending before dissolution ended in a *nolle prosequi,* a second indictment returned after dissolution was not a continuation of the first proceeding but, rather, a second proceeding which was not pending on the date of dissolution. Whether a grand jury investigation was a "proceeding" under Illinois law was not an issue in the case. In the opinion (written by Justice Lindberg, now of this court), however, the court determined that "proceeding" is synonymous with "prosecution," defined in the Criminal Code of 1961 as "all legal proceedings by which a person's liability for an offense is determined, commencing with the return of the indictment or the issuance of the information, and including the final disposition of the case upon appeal." 720 ILL. COMP. STAT. 5/2-16. Thus, JACPG asks the court to infer that the Illinois courts after *Boyce* would certainly hold that a grand jury proceeding is not a proceeding which would avoid abatement of this prosecution.

The principle of *Melrose Distillers* is not, as movants argue, that state law determines whether a prosecution abates or what a "proceeding" is. *Melrose Distillers* simply teaches that we find whether a corporation "exists for any purpose" by looking to state law. If it "exists," the prosecution can proceed. In that case, the Court relied, for example, on a Delaware law authorizing a dissolved corporation to pay existing debts and obligations as well as a provision that a pending "proceeding" did not abate upon dissolution to demonstrate that "the term 'proceeding,' no matter how the state court may construe it, implies enough vitality to make the corporation an 'existing' enterprise for the purposes of a [federal prosecution]." *Melrose*

*Distillers, Inc.*, 359 U.S. at 273; *see United States v. Mobile Materials, Inc.*, 776 F.2d 1476, 1479 (10th Cir. 1985) ([Under *Melrose Distillers*,] "the pivotal inquiry is whether a statute implies sufficient vitality to corporate life following dissolution to subject the corporation to criminal prosecution; that is whether, under state law, corporate existence is continued for *some* purpose."). Indeed, the court in *Boyce* explicitly acknowledged that it was not determining "whether a Federal criminal case may proceed against a dissolved corporation," which would necessarily depend on "the interplay of federal and state law." 156 Ill. App. 3d at 1042, 509 N.E.2d at 780 (quoting *Melrose Distillers, Inc.*, 359 U.S. at 272); *United States v. Anaconda American Brass Co.*, 210 F. Supp. 873, 874 (D. Conn. 1962) ("Repetition [in *Melrose Distillers*] of the statement that construction by the state's courts does not control, makes it clear that the basis for determination of the question of survival of the criminal responsibility of a corporation charged with violation of the Sherman Act, in some measure at least, lies beyond the sphere of state responsibility.").

Similarly, in *Mobile Materials,* 776 F.2d at 1479, the court concluded that where Oklahoma law continued the existence of a corporation for purposes of winding up its affairs, prosecuting and defending actions against it, and collecting and discharging obligations, dissolved corporations were subject to federal prosecution for crimes committed prior to but indicted after dissolution. In *Anaconda American Brass Co.*, 210 F. Supp. at 874, the court held that a corporate merger did not terminate the corporation's existence for purposes of a federal Sherman Act prosecution and that the continuing corporation could be indicted after the merger for the former corporation's crime. Among the grounds for the decision was the court's determination that a federal grand jury investigation was a pending "proceeding," interpreting

Connecticut law to include an inquiry before a grand jury within the definition of proceeding. Although this aspect of the decision to some extent supports JACPG's position because the court looked to state law to define "proceeding," the court clearly treated state law merely as the measure of whether the corporation existed (the "proceeding" discussion being support therefor), and further stated, "At the very least, in the absence of a clearly contrary state policy, *Melrose [Distillers]* does not demand the sacrifice of a federal objective as strong as that expressed in the Sherman Act on the altar of *strictissimi juris*." *Id.* at 875; *see United States v. San Diego Grocers Ass'n, Inc.*, 177 F. Supp. 352, 353-55 (S.D. Cal. 1959) (interpreting a California statute allowing "actions" against dissolved corporations to permit federal indictment of corporation dissolved prior to indictment); *accord United States v. Stone*, 452 F.2d 42, 47 (8th Cir. 1972) (interpreting a New York statute to permit criminal prosecution against a corporation dissolved prior to indictment); *United States v. BBF Liquidating, Inc.*, 450 F.2d 938 (9th Cir. 1971) (following *San Diego Grocers Ass'n*); *United States v. Arcos Corp.*, 234 F. Supp. 355, 356-58 (N.D. Ohio 1964) (permitting federal prosecution of a corporation that dissolved prior to indictment and that had no knowledge of a pending grand jury investigation); *United States v. Brakes, Inc.*, 157 F. Supp. 916, 920 (S.D.N.Y. 1958) (interpreting a New York statute specifying that a dissolved corporation "shall continue for the purpose of . . . satisfying . . . any existing liabilities or obligations" as permitting criminal prosecution of corporation dissolved prior to indictment).

There is ample basis within the Illinois Business Corporations Act on which to rest a conclusion that a dissolved Illinois corporation continues to exist after its dissolution so that it may wind up its affairs and meet its obligations. The obvious purpose of the cited provisions is

6

to extend the life of a corporation to meet criminal as well as civil obligations. This is sufficient under *Melrose Distillers* to support a conclusion that JACPG continued to exist, i.e., retained enough vitality after dissolution, to allow this prosecution to proceed. There is no credible public policy argument that would support a conclusion that the Illinois legislature intended to immunize its dissolved corporations from prosecution by enacting the 1985 amendments or otherwise.[4] To the contrary, a State law holding dissolved corporations accountable for offenses committed prior to their dissolution by continuing the life of a corporation to allow for State prosecution, 805 ILL. COMP. STAT. 5/12.85(1)(a), reflects a policy favoring law enforcement rather than a desire to protect Illinois corporations from responsibility for federal crimes. As the court in *Melrose Distillers* stated:

> To give [the dissolved corporation] the construction for which appellants contend would offend our sense of justice, pervert the obvious policy of the state in enacting these survival statutes, and provide an easy avenue of escape by corporations from the consequences of their criminal acts by the simple process of voluntary dissolution.

258 F.2d 726, 728 (4th Cir. 1958), *aff'd.* 359 U.S. 271 (1959); *see also United States v. Cigarette*

---

[4]Even if such a policy existed, a State does not have the authority to prevent a federal prosecution. The Supreme Court addressed such a dilemma when the federal government first began enforcing federal antitrust laws. In the century-old decision in *Northern Securities Company v. United States,* 193 U.S. 197, 345-50 (1904), in response to the corporate defendants' argument that federal law could not govern how corporations could combine and merge under state law, the Supreme Court stated:

> ... [E]very state has, in a general sense, plenary power over its corporations. But is it conceivable that a state, when exerting power over a corporation of its creation, may prevent or embarrass the exercise by Congress of any power with which it is invested by the Constitution?
> ... [A] state enactment, even if passed in the exercise of its acknowledged powers, must yield, in case of conflict, to the supremacy of the Constitution of the United States and the acts of Congress enacted in pursuance of its provisions. ... If it were otherwise, the declaration in the Constitution of its supremacy, and of the supremacy as well of the laws made in pursuance of its provisions, was a waste of words.

*Id.* (citations omitted); *cf. Barnes Coal Corp. v. Retail Coal Merchants Ass'n,* 128 F.2d 645, 648 (4th Cir. 1942) (whether plaintiff could maintain a cause of action under the Sherman Act could not depend on state survival statute, but must rather be interpreted in accordance with federal law.").

*Merchandisers Ass'n*, 136 F. Supp. 214, 217 (D.C.N.Y. 1955) (allowing a corporation to escape criminal liability through voluntary dissolution "would be contrary to sound public policy"); *accord Mobile Materials, Inc.*, 776 F.2d at 1480-81 (noting public policy reasons for holding a dissolved corporation subject to criminal liability). The court, therefore, will deny the motion to dismiss the third superseding indictment against JACPG.

**ORDER**

The motion to dismiss the indictment against JACPG, Inc., a dissolved Illinois corporation [#46-1], is denied.

ENTER:

JOAN HUMPHREY LEFKOW
United States District Judge

Dated: June 5, 2002